UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIGUEL A. ORTIZ,

    Plaintiff,

v.                                                                                   Case No: 6:11-cv-1835-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Amended Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C § 2412(d). (Doc. 28). The Commissioner has filed a response in opposition (Doc. 29), and Plaintiff has filed a reply to the Commissioner's response (Doc. 31). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $5,462.51.

**I.    Background**

Plaintiff filed for disability insurance benefits and supplemental security income on July 31, 2007, alleging disability beginning on January 1, 2005 due to diabetes and problems with his back and legs. (Tr. 131, 134, 154, 162, 192). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (Tr. 78-83, 85-88). At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing to address Plaintiff's claims and then issued a decision finding Plaintiff not disabled. (Tr. 17-29, 35-71). The ALJ found Plaintiff suffered from the following severe impairments: degenerative disc disease, hypertension, diabetes and neuropathy. (Tr. 22). Despite

these impairments, the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except that he should only occasionally climb stairs, balance, stoop, kneel, crouch, or crawl; is not able to climb ropes, ladders, or scaffolds; is limited to occasional overhead reaching; and must avoid concentrated exposure to extreme cold and hazards such as machinery and heights.  (Tr. 23). Based upon these findings, the ALJ concluded that Plaintiff was not disabled. (Id. at 29).  The Appeals Council denied Plaintiff's timely request for review.  (Tr. 1-6).  Accordingly, the ALJ's March 9, 2010 opinion was the final decision of the Commissioner.

On November 17, 2011, Plaintiff timely filed his action for judicial review.  (Doc. 1). The parties consented to the exercise of jurisdiction by a magistrate judge on February 24, 2012 (Doc. 14), and on February 27, 2012, the district judge entered an Order of Reference referring the case to the undersigned (Doc. 16).

The parties filed their respective briefs (Docs. 20, 21), and, after considering the merits of their positions, the Court ruled for Plaintiff.  (Doc. 23).   In reaching its decision, the Court found that the ALJ had failed to assign any weight to Dr. Lavoie's March 20, 2009 opinion that "[l]ittle can be done with [Plaintiff's] cord myelomalacia."[1]  (Tr. 485). The Court reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case to the Commissioner for additional proceedings consistent with the Court's decision.

On June 24, 2013 Plaintiff filed his first motion for attorney's fees pursuant to the EAJA.  (Doc. 25).  Although the motion complied with all of the requirements of the EAJA, it did not comply with M.D. Fla. Local Rule 3.01(g), which requires the moving party to

---

[1] Myelomalacia is the "morbid softening of the spinal cord."  *Available at* http://medical-dictionary.thefreedictionary.com/myelomalacia.

confer with the non-moving party before filing a motion. The Court afforded ten days to Plaintiff to supplement his motion for fees (Doc. 26), but Plaintiff did not do so. Consequently, the Court denied Plaintiff's motion without prejudice. On July 22, Plaintiff filed his pending motion for fees, including a proper Local Rule 3.01(g) certification. (Doc. 28). The Commissioner filed her response shortly thereafter. (Doc. 29). On August 12, 2013, the Court issued an Order expressing its concern about the timeliness of Plaintiff's motion, and directing the parties to file memorandums addressing the issue. (Doc. 30). Plaintiff filed a reply to the Commissioner's response in which he discussed the timeliness of his motion. (Doc. 31). The Commissioner did not file a paper and the time within to do so has elapsed. (Docket).

## II.  Timeliness

An amended pleading relates back to the original pleading when it "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). 28 U.S.C. § 2412(d)(1)(B) states:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

The Eleventh Circuit has held that "absent prejudice to the government or noncompliance with court orders for timely supplementation of the pleading requirements, courts may permit supplementation of timely EAJA fee applications." Singleton v. Apfel,

231 F.3d 853, 857 (11th Cir. 2000).  Plaintiff timely filed his first motion for fees, which complied with the substantive pleading requirements of the EAJA, 28 U.S.C. § 2412(d)(1)(B).  (See Doc. 26).  And, the Commissioner has not argued that she will suffer prejudice if the Court considers the pending motion.  (See Docket).  Accordingly, the Court finds that Plaintiff's amended motion is timely because it arose out of the same conduct, transaction, or occurrence set out in Plaintiff's original motion and thus, relates back pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).

### III.     Substantial Justification

The Court's Order reversing the ALJ's decision constituted a final order for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).  The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  To recover an award under the EAJA a plaintiff must prove that: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million dollars at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

The word "substantially" as used in the EAJA means: "'justified in substance or in the main' --- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  In Pierce, the

Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 565 n.2.

The phrase "position of the United States" includes the Commissioner's position in the underlying administrative proceedings as well as her position in this litigation. Stratton v. Bowen, 827 F.2d 1447, 1449 n.2 (11th Cir. 1987). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). If the Court finds that some, but not all of the Commissioner's positions were substantially justified then the Court will require the Commissioner to pay EAJA fees for the portions of her position that were not substantially justified. United States v. Jones, 125 F.3d 1418, 1427 (11th Cir. 1997). But, when the plaintiff's claims are based upon a single set of facts and the issues are intertwined, that plaintiff may recover fees for counsel's work on the entire case. Id.

The burden is on the Commissioner to show by a preponderance of the evidence that her position was substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984). To carry her burden, the Commissioner must establish that her position had "a reasonable basis both in law and fact." Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). The Commissioner must also show that the Government's position was substantially justified throughout the Commissioner's pre-litigation and post-litigation positions. Id. at 666 n.5.

The Commissioner argues that her position was substantially justified because Plaintiff did not submit myelomalacia as a basis for his alleged disability, or mention

myelomalacia or Dr. Lavoie at the administrative hearing.  The Commissioner also contends that, given the minimal evidence of myelomalacia and that Dr. Lavoie's opinion did not relate to Plaintiff's limitations, the ALJ need not have mentioned Dr. Lavoie's opinion.

The law does not require the ALJ to specifically mention every piece of evidence in his written opinion as long as his final decision allows the district court to conclude that the ALJ considered the plaintiff's medical condition as a whole.  Hennes v. Comm'r Soc. Sec., 130 F. App'x 343, 348 n.11 (11th Cir. 2005) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)).  However, the ALJ must specify the weight given to the opinions of treating physicians or the reasons for giving them no weight.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); see also Sharfarz v. Bowen, 825 F.2d 278, 279-80 (11th Cir. 1987).  The failure to do so is reversible error.  Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The opinion issued by Dr. Lavoie is a medical opinion issued by a treating physician, and the Commissioner does not argue otherwise.  The law is plain that an ALJ must specify on the record the weight given to a medical opinion.  Here, the ALJ did not.  As the ALJ is required in every case to state with specificity the weight afforded to a treating physician's opinion, the Commissioner's argument to the contrary does not have a reasonable basis in law or fact and is not substantially justified.

**IV.   Award**

The schedule of hours attached to Plaintiff's petition confirms the attorney's claimed hours and fee of $5,462.51.  (Doc. 28-2).  The Court finds that Plaintiff is the prevailing party in this litigation and that the Commissioner's position in the underlying action was not substantially justified.  Plaintiff asserts that his net worth at the time this

- 6 -

proceeding was filed was less than two million dollars and that he has assigned his EAJA fees to his counsel. (Docs. 28 at 2 and 28-3). In light of the assignment, Plaintiff requests that payment be made payable to him and delivered to his attorney unless he owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to his attorney.

Pursuant to the provisions of the EAJA, Plaintiff's petition for attorney's fees (Doc. 31) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$5,462.51** to be paid out of the judgment fund**.** Payment is authorized to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the Government.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

- 7 -